Marilyn R. Neaman, appellant, v. Northwestern Bell Telephone Company and Gerald E. Chizek, Commissioner, Nebraska Department of Labor, Division of Employment, appellees.

275 N. W. 2d 57

Filed January 30, 1979. No. 42108.

Marilyn Neaman, pro se.

Ruth M. Moore, for appellee Northwestern Bell.

James R. Jones and John W. Wynkoop, for appellee Chizek.

Heard before Spencer, Retired Justice, Boslaugh, Clinton, and White, JJ., and Bartu, District Judge.

Spencer, Retired Justice.

Petitioner-appellant, Marilyn R. Neaman, appeals from a decision of the District Court affirming the decision of the Nebraska State Appeal Tribunal of the State of Nebraska Department of Labor, denying certain unemployment benefits. We affirm.

Neaman was employed by Northwestern Bell Telephone Company from January 2 to May 2, 1974, as an order clerk typist. She contends she left her employment because she felt her supervisor was harassing her and treating her in a manner which was biased and discriminatory.

The evidence disclosed that the company was initiating a new procedure and was attempting to train and give experience to employees, including the petitioner. Said employees were under the supervision of an employee-supervisor. Part of the training included the monitoring of each employee by the

supervisor so that additional guidance and training could be given on an individual basis to those employees needing it. The petitioner's error ratio was higher than the average of the other employees working under that supervisor. In the opinion of the supervisor, it was "extremely high." Neaman contends she was singled out and subjected to harassment by the supervisor and was required to have personal interviews with said supervisor. Neaman failed to report for work on May 2, 1974. Later in the day, when the supervisor and her supervisor contacted petitioner by phone, petitioner advised them she was terminating her employment.

The issue involved in this case is whether or not the petitioner voluntarily left her employment without good cause. Neaman alleges that the treatment accorded her by her superiors made her tense, uncomfortable, and frustrated. This she contends gave her good cause for terminating her employment.

The appeal to the District Court from the Nebraska State Appeal Tribunal is de novo upon the record. § 48-639, R. R. S. 1943. However, this section provides the parties may offer additional evidence under certain conditions. The record was introduced, and both parties adduced additional evidence in the District Court. The court, upon what was a trial de novo, determined that no just cause existed for the petitioner's voluntary termination of her employment. The court found the voluntary termination of the employment was the result of the high sensitivity of Neaman, sustained the finding of the State Appeal Tribunal, and dismissed the petition.

In Strauss v. Chizek, 201 Neb. 571, 270 N. W. 2d 917 (1978), we held the Department of Labor Appeal Tribunal exercises quasi-judicial power as distinguished from legislative power. Consequently, the statutory provision for a trial de novo is valid. Upon the record made in the District Court, on appeal we

find that Neaman wholly failed to sustain her claim by a preponderance of the evidence. The weight of the evidence is clearly otherwise. Her termination was of her own volition.

The judgment is affirmed.

AFFIRMED.